**In the Matter of the Application for the DISCIPLINE OF Joseph PERRY, an Attorney at Law of the State of Minnesota.**

Supreme Court of Minnesota.

Sept. 19, 1986.

**ORDER**

On October 31, 1985, respondent and the Director of Lawyers Professional Responsibility entered into a stipulation providing that respondent would be on two years of private probation. The Director and the respondent have now presented this court with a stipulation wherein respondent admits he has violated the terms of that probation thereby authorizing the Director to file a petition for disciplinary action in this court without the necessity of panel proceedings. In that stipulation, the respondent waives his rights under Rule 14 of the Rules on Lawyers Professional Responsibility (RLPR). He likewise waives the right to interpose an answer and unconditionally admits the allegations of the petition. Respondent previously received a private warning in 1977 for referring a client's case to another attorney without the client's knowledge or consent, entering into an agreement for the division of fees with respect to that matter, and revealing the client's confidences in violation of the then Minnesota Code of Professional Responsibility (MCPR). Later in 1982, respondent received a panel reprimand for neglect of a probate matter in violation of other rules of the MCPR. The matter out of which the October 31, 1985, stipulation arose concerned the respondent's neglect of handling a real estate matter and failing to respond to inquiries concerning the matter and failing to cooperate with the disciplinary investigation. While he was on that probation entered pursuant to that stipulation, the respondent over a period from 1984 into 1986, while representing clients named Olson, was guilty of professional misconduct and falsely representing to his clients that he had filed suit against the defendant and would be in front of a judge in several weeks, refused to return calls and messages left by his clients, continued to misrepresent the status of the case to his clients, all in violation of DR 6–101(A)(3), MCPR, and such activities as took place after September 1, 1985, violated Rules 1.3 and 1.4, MRPC, and finally violated a condition of respondent's October 31, 1985, probation. Respondent asserts that he is suffering from depression for which he is, and has been, receiving professional treatment. Respondent has agreed with the Director that appropriate discipline at this time is indefinite suspension.

The court having read the Director's petition and having considered the stipulation,

NOW ORDERS:

1. That the respondent is hereby indefinitely suspended from the practice of law in the State of Minnesota and may not reapply for admission and removal of the suspension sooner than one year from the date of this order.

2. That any petition of respondent for removal of the suspension and reinstatement to the practice of law will not be considered until the respondent has completed the requirements of Rule 18, RLPR, and has provided to the Director and to this court clear and convincing medical evidence that he has recovered from his depressive condition.

3. Respondent shall pay to the Director as costs within 90 days from the date of this order the amount of $500 pursuant to Rule 24(a), RLPR.

COYNE, J., took no part in the consideration or decision of this case.